# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NAEEM BETZ**
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

**PRO SE / PLAINTIFF**

**VS.**

**AIDNEST**
18100 VON KARMAN AVE SUITE # 850
IRVINE, CALIFORNIA 92612

**DEFENDANTS / RESPONDANTS**

**VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**

**JURY TRIAL DEMANDED 12 JURORS**

**CIVIL. CASE NO:**

**Honorable Judge**

Case: 1:18-cv-00292        (F-Deck)
Assigned To : Jackson, Ketanji Brown
Assign. Date : 2/9/2018
Description: Pro Se Gen. Civil    Jury Demand

**COMES NOW,** the Plaintiff(s) Naeem Betz complaining of the Defendant(s) and as follows;

I.               **VERIFIED COMPLAINT**

**NATURE OF ACTION**

1. Plaintiff(s), Naeem Betz, individually, hereby sues Defendant(s), AIDNEST for violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq.,

RECEIVED

FEB - 9 2018

Clerk, U.S. District and
Bankruptcy Courts

**ORIGINAL VERIFIED COMPLAINT**
**~ 1 ~**

## II.                                    __PRELIMINARY STATEMENT__

2. This is an action for damages and injunctive relief brought by Plaintiff(s) Naeem Betz against Defendant(s) AIDNEST for violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(c)(5).

3. Upon belief and information, Plaintiff(s) contends that many of these practices are widespread for the Defendant(s). Plaintiff(s) Naeem Betz intends to propound discovery to Defendant(s) AIDNEST identifying all telephone numbers used / number of times called in placing or making telephone calls to consumers like Plaintiff(s) Naeem Betz cellular telephone in direct violation of (TCPA) 47 USC § 227(c)(5), (FTC) National Do Not Call Registry.

4. Plaintiff(s) contends that the Defendant(s) have violated such laws by repeatedly harassing Plaintiff(s) by calling his wireless telephone number ending in 8063 which is registered on the (FTC) National Do Not Call Registry since April 22, 2012. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

## III.                                __JURISDICTION AND VENUE__

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin.

Servs., LLC, 132 S. Ct. 740, 745 (2012).

6.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action

may be brought in— (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated.

IV.                               **PARTIES**

7.  Plaintiff(s), Naeem Betz, is a natural person and is a resident of the District of Columbia,

Washington which is the Federal District Capital of the United States of America.

8.  Upon information and belief Defendant(s), AIDNEST is a business specializing in debt relief

primarily for loan consolidation, loan rehabilitation, loan forgiveness, flexible income based

payments throughout the United States of America.

9.  Upon information and belief Defendant(s) AIDNEST is a business offering online student

loan debt relief services.

10. Upon information and belief, Defendant(s) AIDNEST is a California business with a

principal place of business in Irvine, California.

V.                        **LEGAL BASIS FOR THE CLAIMS**

12. The Federal Communications Commission plays a crucial role in helping consumers stop

unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC

provides clarity on the law, sets rules, takes enforcement actions, and provides resources for

**ORIGINAL VERIFIED COMPLAINT**

consumers.



## Consumer Help Center

### Rules and Resources for Dealing with Unwanted Calls and Texts

Consumers can take back their permission to be called or texted in any reasonable way. A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.

*"See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

13. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for ($500) or the actual monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for each willful or knowing violation, as well as injunctive relief.

**ORIGINAL VERIFIED COMPLAINT**

~ **4** ~

14. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

15. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually...using those functionalities to place calls" at the time.

Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

16. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to

**ORIGINAL VERIFIED COMPLAINT**
~ 5 ~

make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

17. Furthermore, the TCPA established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

18. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012). Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**ORIGINAL VERIFIED COMPLAINT**

~ **6** ~

# VI.                              FACTUAL ALLEGATIONS

19. From November 7th, 2017 to December 5th, 2017 Defendant(s) AIDNEST violated the

TCPA by calling Plaintiff(s) Naeem Betz cell phone 202-XXX-8063,

"5" plus times from the telephone number (202-846-9551). Defendant(s) AIDNEST has

demonstrated willful or knowing noncompliance with 47 USC § 227(c)(5) by calling Plaintiff(s)

Na'eem Betz wireless telephone number 202-XXX-8063 at least "5" plus times which is registered

on the National Do Not Call Registry (DNC) since April 22, 2012. Plaintiff(s) number, which is

assigned to a cellular telephone service and is charged for monthly telephone usage and other

communication services. These calls caused emotional damage, extra electricity usage, extra

battery usage and were a direct invasion of privacy to Plaintiff(s) Naeem Betz. The Defendant(s)

actions caused lost time, aggravation, and continued distress. The Defendant(s) never disclosed or

identified who they were and what business entity was initiating or making these unauthorized

calls to Plaintiff(s) cell phone. Plaintiff(s) discovered after a calling the Defendant(s) number back

at (202-846-9551) on December 20, 2017 exactly who was AIDNEST. The 13 minute 21 second

telephone conversation Plaintiff(s) had with the Defendant(s) customer call center rep. Plaintiff(s)

was informed by the Defendant(s) customer call center rep by the name of Ms. Ingrid Klaussen

who verified the Defendant(s) telephone number as (202-846-9551). Plaintiff(s) asked Ms. Ingrid

Klaussen several times HOW DID AIDNEST GET HIS CELL PHONE NUMBER IF NO PRIOR

EXPRESS WRITTEN CONSENT OR EXPRESS CONSENT WAS NEVER GAVE TO

AIDNEST. Ms. Ingrid Klaussen alleged that there was some type of contact made online through

some third party by internet searching or browsing, that is how Plaintiff(s) cell phone number was

collected or consent to. Plaintiff(s) informed her asking for the proof of such actions as Plaintiff(s)

never search any websites related to student loan debt relief. Ms. Ingrid Klaussen replied by saying

**ORIGINAL VERIFIED COMPLAINT**

~ 7 ~

1  she would remove Plaintiff(s) cell phone number from the telephone number ending in 8063 from

2  AIDNEST dialing system and Plaintiff(s) would not receive any more calls to his cell phone.

3  Plaintiff(s)

4

5     20. Plaintiff(s) Naeem Betz is the regular carrier and private user of the cellular telephone

6  assigned the number ending in 8063. These calls caused emotional damage, extra electricity usage,

7  extra battery usage and were a direct invasion of privacy to Plaintiff(s) Naeem Betz by making the

8  telephone calls at issue in this Original Verified Complaint, Defendant(s) caused consumer

9  Plaintiff(s) Naeem Betz actual harm, including the aggravation, nuisance, and invasion of privacy

10  that directly accompanies the receipt of unsolicited and harassing cellular telephone calls.

11  Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C.

12  § 227(b)(1(A)(i). Plaintiff(s) Naeem Betz did not provide Defendant(s) with prior express written

13  consent or prior express consent to place calls to his cellular telephone. Plaintiff(s) discovered on

14  the Defendant(s) AIDNEST webstite http://www.aidnest.com/contact/ a false and misleading

15  statements regarding AIDNEST acknowledgement to call consumers who are on the (FTC)

16  National Do Not Call List Registry that AIDNEST will still call consumers. ***"See Attached***

17  ***Exhibit C – The AIDNEST consent form from http://www.aidnest.com/contact/ admitting to***

18  ***calling consumers like Plaintiff(s) Naeem Betz who are registered with the (FTC) National Do-***

19  ***Not-Call List Registry any way without ANY consent.***

20

21

22

23

24

25

26

27

28

**ORIGINAL VERIFIED COMPLAINT**

~ **8** ~

☐ I consent to receive emails, calls (including through automated means) and text messages from aidnest regarding my federal student loans and related matters regarding my debt and credit. I may receive these calls even if I am on the Do Not Call registry. I understand that my consent is not required to receive free information or make a purchase. I also expressly agree to the Privacy Policy & Terms. Standard cellular rates may apply. I understand that all federal student loan repayment programs can be applied to for free through the US Department of Education. I understand all amounts listed are estimates only and do not constitute any guarantee of results or qualification.

SEND MESSAGE

*"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff(s) Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from Defendant(s) AIDNEST". "See Attached Exhibit D - (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts." "See Attached Exhibit C – The AIDNEST consent form from http://www.aidnest.com/contact/ admitting to calling consumers like Plaintiff(s) Naeem Betz who are registered with the (FTC) National Do-Not-Call List Registry any way without ANY consent.*

21. Upon information and belief the Defendant(s) never scrubbed Plaintiff(s) wireless telephone against the TCPA established National Do-Not-Call List which also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its

**ORIGINAL VERIFIED COMPLAINT**
~ 9 ~

1   IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those

2   individuals' phone numbers are not on the National Do-Not-Call Registry. Id.

3   At §64.1200(d)(3),(6). The called party is then entitled to bring a private action under the TCPA

4   for monetary and injunctive relief.

5

6   22. Upon and information and belief the Defendant(s) willfully and knowingly called Plaintiff(s)

7   wireless phone "5" plus times from telephone number (202-846-9551) while never leaving a

8   message to identify the true nature of these illegal telephone calls. "*See Attached Exhibit C- The*

9   *AIDNEST consent form from http://www.aidnest.com/contact/ admitting to calling consumers*

10  *like Plaintiff(s) Naeem Betz who are registered with the (FTC) National Do-Not-Call List*

11  *Registry any way without ANY consent)."See Attached Exhibit B - Screenshots of Cellular*

12  *Telephone Call Records from Defendant(s) AIDNEST".*

13

14  **23. Telemarketing Calls to "Do-Not-Call" … "DNC" Numbers Prohibited – 47 USC**

15  **227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are**

16  **registered on the DNC list that has received two telemarketing calls within a twelve-month**

17  **period can sue for all calls including the first. It does not matter if calls are live, pre-**

18  **recorded or robo calls.**

19

20  **24. The DNC provision is a powerful section of the TCPA because it prohibits calls to both**

21  **cell phone and residential lines, which are registered on the federal or company specific do-**

22  **not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or**

23  **pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.**

24  The best part about DNC violations from the consumer perspective is that the Sixth Circuit Court

25  of Appeals has held that damages under this section may be stacked on top of the TCPA 227(b)

26  section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per

27

28

call for violations of the cell phone prohibitions and the DNC provisions. Charvat v NMP, LLC, 656 F. 3d 440 (6th Cir. 2011).

25. TCPA Damages: According to the TCPA, as codified in 47 U.S.C. § 227, an individual or entity has a private right of action to bring an action based on a violation of a subsection of the Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone / wireless telephone). An individual or entity may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00 for each such violation, whichever is greater, or for both injunction and damages.  If the court finds that the defendant willfully or knowingly violated the regulations under the TCPA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of the statutory compensatory damages above.

26. The body of case law addressing the available damages for a Plaintiff(s) suing under a TCPA private right of action reflects the general rule that where the court finds that the defendant caller has violated a subsection of the Act, it will at least award to the plaintiff $500 per violation as required by the Act.

27. Furthermore, when the facts of the specific case rise to the level of showing a knowing or willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award exemplary or treble damages that may be as much as three times the damages award. In determining willfulness, the court looks at whether the defendant's actions show its knowledge of the facts that constitute the offense (knowing); at the prior interactions between the Plaintiff(s) and the defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the TCPA.

28. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 USC § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the TCPA falls under.

(f) "Willful" and "repeated" defined

For purposes of this section:

(1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

(2) The term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

29. Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§ 227(b)(3).

ORIGINAL VERIFIED COMPLAINT
~ 12 ~

30. The TCPA defines an ATDS as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "TCPA's use of `capacity' does not exempt equipment that lacks the `present ability' to dial randomly or sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities." See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order").

31. **The list of the "5" plus "INCOMING" Cellular Telephone Calls placed by the Defendant(s) AIDNEST.**            **1. (202-846-9551)**

   **1. Tuesday, November 7, 2017 at 5:25pm**

   **2. Wednesday, November 29, 2017 at 4:44pm**

   **3. Wednesday, November 29, 2017 at 4:44pm**

   **4. Tuesday, December 1, 2017 at 6:49pm**

   **5. Friday, December 5, 2017 at 2:06pm**

*Calling a consumer who has asked not to be called potentially exposes a seller and telemarketer to a civil penalty of $16,000 ($40,000 beginning 08/01/16) per violation. Violators will be subject to civil penalties of up to $16,000 ($40,000 beginning 08/01/16) per violation, as well as injunctive remedies.*

**VII.**                                      **COUNT I**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**VIOLATIONS OF 47 U.S.C.§227(c)(5)**

 **FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

32. Plaintiff(s) alleges and incorporates the information in paragraphs 1 through 41.

33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(c)(5) by calling Plaintiff(s) Naeem Betz wireless telephone number 202-XXX-8063 that has been placed

**ORIGINAL VERIFIED COMPLAINT**

on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff(s) number, which is assigned to a cellular telephone service. Plaintiff(s) Naeem Betz has never consented in writing or verbally to Defendant(s) AIDNEST. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

34. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff(s) Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from Defendant(s) AIDNEST".*

*"See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts." "See Attached Exhibit C - The AIDNEST consent form from http://www.aidnest.com/contact/ admitting to calling consumers like Plaintiff(s) Naeem Betz who are registered with the (FTC) National Do-Not-Call List Registry any way without ANY consent).*

Consent or permission must be evidenced by a registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. Id.

35. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the TCPA can sue the violator and seek the same statutory damages available under § 227(b) – the

**ORIGINAL VERIFIED COMPLAINT**
**~ 14 ~**

greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

36. Each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not Call Registry. The TCPA imposes liability on entities that do not directly place illegal calls. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

37. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The FCC reiterated this principle in 2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

38. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

39. Violation of § 227(c) for calls placed to numbers listed on the FCC - National Do Not Call Registry, each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the FCC - National Do Not Call Registry.

40. Defendant(s) has committed "5" plus separate violations of 47 USC § 227(c) and Plaintiff(s) is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47 U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-42 constitute violations of section 47 U.S.C. § 227(c)(5).

41. The frequency of this unauthorized cellular telephone calls have facial plausibility that Plaintiff(s) Naeem Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant(s) is liable for their ***unlawful*** conduct and behavior. Assuming the truth of Plaintiff(s) factual allegations, the Court will find all claims to be facially plausible.

IV.                                    **PRAYER FOR RELIEF**

42. **WHEREFORE,** Plaintiff(s) demands judgment for monetary damages against the Defendant(s) AIDNEST ten thousand dollars for actual or statutory damages, punitive damages, attorney's fees and costs and further relief as the Court deems just and proper.

X.                                    **DEMAND FOR JURY TRIAL**

43. Plaintiff(s) hereby demands a trial by jury of all issues so triable as a matter of law. Respectfully submitted this 2nd day of January, 2018.

**ORIGINAL VERIFIED COMPLAINT**
~ **16** ~

XI.      **VERIFICATION OF COMPLAINT AND CERTIFICATION**
**(DISRTICT OF COLUMBIA)**

Plaintiff(s), Naeem Betz, states as follows:

I am the Plaintiff(s) in this federal civil proceeding.

I believe that this Original Verified Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law. I believe that this Original Verified Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Original Verified Complaint. I have filed this Original Verified Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided which has been attached to this Original Verified Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff(s) Naeem Betz where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Naeem Betz, hereby declare (or certify, verify or state) under penalty of perjury that under the laws of the United States of America that the foregoing is true and correct. Executed on January 2nd, 2018.

DATE: January 2nd, 2018

Naeem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

**ORIGINAL VERIFIED COMPLAINT**

NAEEM BETZ
4244 HILDRETH ST.SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

NAEEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003-9998

**XII**.                    <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of January, 2018 I filed the foregoing by CM/ECF System for

District Court for the District of Columbia which will then send a notification of such filing. I

further state under oath that I caused the forgoing, to be served on the parties listed below by

United States Postal Service postage prepaid as a courtesy, on the following:

I certify that a copy of the Verified Complaint will be served upon the Defendant(s), registered

agent, below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

AIDNEST
10550 Deerwood Park Blvd Suite #309
Jacksonville, FL 32256
http://www.aidnest.com/
info@aidnest.com

*Defendant*


_____
                                    Naeem Betz
DATE: January 2nd, 2018             Plaintiff, In Propria Persona
                                    ALL RIGHTS RESERVED

**ORIGINAL VERIFIED COMPLAINT**
**~ 18 ~**

To: AIDNEST
18100 VON KARMAN AVE SUITE # 850
IRVINE, CALIFORNIA 92612

February 9th, 2018

Re: Litigation Hold Notice for Retention of Documents, Electronically Stored Information, and Tangible Things

Dear Defendant(s) AIDNEST

Defendant(s) AIDNEST, must immediately suspend retention and destruction policies for documents, electronically stored information, and tangible things and must preserve and retain all documents, electronically stored information, and tangible things relating to occurrences or transactions discussed in this letter. The failure to preserve and retain this information may constitute "spoliation of evidence" and subject the defense counsel, Defendant(s) to legal claims for damages or monetary sanctions.

This letter is to inform you that, Plaintiff Na'eem Betz, believes that Defendant(s) AIDNEST may possess documents, electronically stored information, and tangible things relating to telephone communications or telephone calls from the date of November 7th, 2017 to December 5th, 2017 to Plaintiff(s) Naeem Betz wireless telephone number (202) 706-8063.

As part of Plaintiff(s) ongoing litigation, Defendant(s) AIDNEST may be requested to produce responsive documents, electronically stored information, and tangible things. Thus, your client has an obligation to take reasonable steps to ensure that all relevant documents, electronically stored information, and tangible things are safeguarded and preserved until the resolution of this legal matter.

## DEFINITIONS

For purposes of this letter, the terms "document," "electronically stored information," "occurrence or transaction," and "tangible thing" mean the following:

Document. The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, summaries.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

"Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system history files; Internet or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer activity logs; metadata. Unless otherwise

defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by D.C. Local Rules, Federal Rules of Civil Procedure, Federal Rules of Evidence, Microsoft Computer Dictionary.

"Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by D.C. Local Rules, Federal Rules of Civil Procedure, Federal Rules of Evidence, Microsoft Computer Dictionary.

"Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by D.C. Local Rules, Federal Rules of Civil Procedure, Federal Rules of Evidence, Microsoft Computer Dictionary.

Occurrence or transaction. The term "occurrence or transaction" means {Plaintiff Na'eem Betz has been subject to unlawful telephone practices by your company in the form of (unwarranted or unauthorized) cellular telephone calls by use of an auto dialer or (ADAD) in relation to telemarketing / advertisements. Defendant(s) AIDNEST in their communication regarding telemarketing / advertisements directly have violated 47 U.S.C. §227(c)(5) as Plaintiff Na'eem Betz cellular telephone which is registered with the National Do Not Call Registry.

Tangible thing. The term "tangible thing" means physical objects that are not documents or electronically stored information.

### PRESERVATION & RETENTION RESPONSIBILITIES

To preserve and retain documents, electronically stored information, and tangible things and Defendant(s) AIDNEST must immediately suspend certain normal retention and destruction policies, identify all procedures relating to documents and tangible things to be suspended, such as shredding, recycling, etc., and all procedures relating to electronic data to be suspended, such as disk defragmentation, electronic data shredding, server backup tape rotation, recycling or destruction of computer systems or storage devices, etc.

In addition to suspending the policies relating to documents, electronically stored information, and tangible things, your client must immediately do the following:

1. Take affirmative steps to prevent anyone with access to documents, electronically stored information, and tangible things relating to the occurrence or transaction from hiding, modifying, or destroying them.

2. Preserve and retain all documents relating to the occurrence or transaction that either are in the possession of or were created, sent, or received by the following: employees of AIDNEST.

3. Preserve and retain all electronically stored information relating to the occurrence or transaction that either is in the possession of or was created, sent, or received by the following: AIDNEST.

4. Preserve and retain all documents, electronically stored information, and computer hardware or software necessary to access, view, and reconstruct electronically stored information relating to the occurrence or transaction of all unauthorized telephone calls placed to Plaintiff(s) wireless telephone number (202) 706-8063.

5. Preserve and retain all tangible things relating to the occurrence or transaction that either are in the possession of or were created, sent, or received by the following: employees of AIDNEST, of all unauthorized telephone calls placed to Plaintiff(s) wireless telephone number (202) 706-8063.

Because your client may also have to make relevant electronically stored information available for litigation, your client should consider protecting that electronic data by making a mirror image of it. A "mirror image" is a bit-by-bit copy of electronically stored information (e.g., on a hard drive or flash drive) that ensures the computer system is not altered during the imaging process. The mirror image includes active, hidden, and deleted files, deleted file fragments, directories, and any other data contained on the drive.

Please contact me if you have any questions about this letter. Thank you for your cooperation in this matter. I only consent to the use of my email, and or wireless telephone number for serious settlement purpose only. I do not consent for any other purposes.

### [CERTIFICATE OF SERVICE]

I HEREBY CERTIFY that on the 9th of February, 2018, I filed the foregoing by email, fax and or physical mail to:

To: AIDNEST                                            February 9th, 2018
18100 VON KARMAN AVE SUITE # 850
IRVINE, CALIFORNIA 92612

DEFENDANT TO BE NOTICED

Regards, _____
Consumer, Plaintiff
Na'eem Betz
ALL RIGHTS RESERVED
28 U.S.C. 1746 - 15 U.S.C. 7001(a)(1)(2)

**(FRE) FEDERAL RULES OF EVIDENCE - ARTICLE IX.  AUTHENTICATION AND IDENTIFICATION - Rule 902. Evidence That Is Self-Authenticating. Rule 902(8).**

For Whom it may concern: This written statement of record a sworn and affirmed declaration for notarial acknowledgement under District of Columbia Statute (D.C. Code § 42-142,42-147) and pursuant to the (FRE) FEDERAL RULES OF EVIDENCE - ARTICLE IX. AUTHENTICATION AND IDENTIFICATION - Rule 902. Evidence That Is Self-Authenticating. - FRE 902(8).

Rule 902. Evidence That Is Self-Authenticating - FRE 902(8).

(8) Acknowledged Documents. A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

Plaintiff(s) Na'eem Omar Betz for the record states the following, I have received at least **"5"** plus illegal calls from the telephone number **(202-846-9551)** from November 7th, 2017 to December 5th, 2017 without prior express written consent or prior express consent to my wireless telephone number (202-XXX-8063) by the Defendant(s) AIDNEST. The Defendant(s) are located at 18100 VON KARMAN AVE SUITE # 850, IRVINE, CALIFORNIA 92612. The Defendant(s) illegally called and continued to call Plaintiff(s) wireless telephone number illegally with a total disregard for the law. Plaintiff(s) wireless telephone number has been registered with (FTC) National Do Not Call Registry since April 22, 2012. Evidence of the 47 U.S.C.§227(c)(5) willful or knowingly violation can be seen on "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records" and "See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff(s) Naeem Betz confirming cellular telephone number registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012.". Telemarketing Calls to National "Do-Not-Call" … "DNC" Numbers Prohibited – 47 USC 227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or

company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited. "See Attached Exhibit C – The AIDNEST consent form http://www.aidnest.com/contact/ admitting to calling consumers like Plaintiff(s) Naeem Betz who are registered with the (FTC) National Do-Not-Call List Registry any way without ANY consent. "See Attached Exhibit D - (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."

Plaintiff(s) number (202-XXX-8063), which is assigned to a cellular telephone service and is charged for monthly telephone usage and other communication services. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff(s) Naeem Betz. The Defendant(s) actions caused lost time, aggravation, and continued distress. The Defendant(s) never disclosed or identified who they were and what business entity was initiating or making these unauthorized calls to Plaintiff cell phone.

By making the telephone calls at issue in the Verified Complaint and the attached Exhibits A-D. Defendant(s) caused consumer Plaintiff Naeem Betz actual harm, including the aggravation, nuisance, and invasion of privacy that directly accompanies the receipt of unsolicited and harassing cellular telephone calls. Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

Plaintiff(s) for the record states that all "EXHIBITS A-D" are now self-authenticated by lawful notary certificate of acknowledgement pursuant to the (FRE) FEDERAL RULES OF EVIDENCE - ARTICLE IX.  AUTHENTICATION AND IDENTIFICATION - Rule 902. Evidence That Is Self-Authenticating. FRE 902(8).

*"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records" "See Attached Exhibit C – The AIDNEST consent form http://www.aidnest.com/contact/*

*admitting to calling consumers like Plaintiff(s) Naeem Betz who are registered with the (FTC) National Do-Not-Call List Registry any way without ANY consent.*

*"See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

**WHEREAS,** the public record is the highest evidence form, I, Naeem O. Betz am hereby timely creating a lawful instrument or document known as an "acknowledgement" in the jurisdiction of District of Columbia and the United States of America.

*Notification of legal responsibility is "the first essential of due process of law." See, Connally v. General Construction Co., 269 U.S. 385, 391.*

I, Plaintiff Na'eem Omar Betz, Naeem O. Betz hereby and herein reserve the right, and am the only party with said right, for amending and making amendments to this lawful instrument or document as necessary in order that the truth may be ascertained and its proceeding justly determined.

The undersigned, Plaintiff Na'eem Omar Betz, Naeem O. Betz do herewith declare, state and say that I, issue this with sincere intent in truth, that I, the undersigned am competent by stating the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, reasonable, not misleading, and by my best knowledge, by me, the undersigned.

**This document and all others pertaining to this issue may be recorded and thusly may be used at the discretion of its issuer for any and all matters as so allowed under Rule 902(8) of the Federal Rules of Evidence and others, including, without limitations, the jurisdiction of the District of Columbia and the United States of America.**

By my hand, this  8th  day of month: February, 2018,

Signed: _____, All Rights Reserved UCC§3-414(1) WITH OUT
RECOURSE-IN FULL LIFE-Natural Person-UCC§1-103.6- Na'eem Omar Betz
 IN PRO PRIA PERSONA-UCC§1-207.4-UCC§1-103.6-UCC§1-308

Na'eem Omar Betz
4244 Hildreth St.SE
Washington, D.C.
[20019-9998]

22 CFR 92.33 - Execution of certificate of acknowledgement. (f) Signing and sealing certificate.
The certificate of acknowledgment shall be signed and sealed as prescribed in §§ 92.15.

**District of Columbia:**                           )
                                                    ) **CERIFICATE OF ACKNOWLEDGEMENT**
**Washington**                                      )

On the  8  day of  Feb        , 20___,  Naeem Betz  personally appeared before
me and proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed hereto and acknowledged to me that he executed the same under asseveration, and
accepts the facts thereof. *The foregoing instrument was acknowledged before me by my hand*
*and seal this  8  day of  Feb        , 2018 .*

**W I T N E S S   m y   h a n d   a n d   O f f i c i a l   S e a l**

_____ Notary Signature

My Commission expires on the _____1_____ day of  Jan , 20 23.

TANZANEAR MCCARTHUR · NOTARY PUBLIC · MY COMMISSION EXPIRES · DISTRICT OF COLUMBIA